1  STEVEN T. GUBNER – Bar No. 156593
   ROBYN B. SOKOL – Bar No. 159506
2  COREY R. WEBER – Bar No. 205912
   BRUTZKUS GUBNER
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile:   (818) 827-9099
5  Emails:  rsokol@bg.law
            cweber@bg.law
6
   Special Litigation Counsel
7  for Jonathan D. King, Chapter 7 Trustee
   for Zetta Jet USA, Inc. and Zetta Jet PTE, LTD.
8
                **UNITED STATES BANKRUPTCY COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10
                    **LOS ANGELES DIVISION**
11

| | |
|---|---|
| 12  In re | Case No.:  2:17-bk-21386-SK |
| 13  ZETTA JET USA, INC., a California | Jointly Administered with |
|     corporation, | Case No. 2:17-bk-21387-SK |
| 14 | |
|              Debtor. | Adv. Case No. |
| 15 _____ | Chapter 7 |
| 16  ZETTA JET PTE, LTD., a Singaporean | **COMPLAINT TO AVOID AND RECOVER** |
|     corporation, | **PREFERENTIAL TRANSFERS** |
| 17 | **PURSUANT TO 11 U.S.C. §§ 547(b), 548(a),** |
|              Debtor. | **550 and 502** |
| 18 | |
| 19 _____ | Date:   [To Be Set by Summons] |
| 20  JONATHAN D. KING, solely in his capacity | Time: |
|     as Chapter 7 Trustee of Zetta Jet USA, Inc. and | Place:  Courtroom 1575 |
| 21  Zetta Jet PTE, Ltd. | 255 East Temple Street |
| 22              Plaintiff, | Los Angeles, CA 90012 |
| 23  v. | |
|     JTW Jets LLC | |
| 24 | |
| 25              Defendant. | |
| 26 _____ | |
| 27 | |
| 28 | |

Plaintiff, Jonathan D. King, solely in his capacity as the Chapter 7 Trustee (and the former Chapter 11 Trustee) (the "**Trustee**") appointed in the above-captioned cases (the "**Cases**"), on behalf of the above-captioned debtors, Zetta Jet USA, Inc. ("**Zetta USA**") and Zetta Jet PTE, Ltd. ("**Zetta PTE**," and together with Zetta USA, the "**Debtors**"), alleges as follows:

## NATURE OF ACTION

1.      This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure and sections 502(d), 547, 548 and 550 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**") to avoid and recover from the above-captioned Defendant ("**Defendant**"), or any other person or entity for whose benefit the transfers were made, certain transfers made by the Debtors to or for the benefit of the Defendant and disallowance of any claim of the Defendant including pursuant to 11 U.S.C. § 502(d) until Defendant pays the transfers at issue in full to Plaintiff.

2.      To the extent that the Defendant has filed a proof of claim or has a claim listed on Debtors' schedules as undisputed, liquidated and not contingent, or has otherwise requested payment from Debtors (collectively, the "**Claims**"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to object to such Claims for any reason, including, but not limited to Section 502(a) through (j) of the Bankruptcy Code ("**Section 502**"), and such rights are expressly reserved.  Notwithstanding the reservation of rights set forth above, certain relief pursuant to Section 502 is sought by Plaintiff herein as further stated below.

3.      The Plaintiff also reserves his right to bring additional claims for relief including additional avoidance actions against Defendant.  This Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to bring such additional claims for relief against Defendant in this action or by way of separate action.

## JURISDICTION AND CASE BACKGROUND

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1409.

6.      This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

7.      This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F) and (O).

8.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

9.      The Trustee, on behalf of the Debtors, consents to the entry of final orders in connection with this Complaint if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

10.      Plaintiff brings this action solely in his capacity as the Chapter 7 Trustee for the Debtors' estate.

11.      Plaintiff is informed and believes, and based thereon alleges that Defendant is, and at all times herein mentioned was, a party conducting business with the Debtors.  To the extent that Defendant received a payment from Zetta Jet PTE, Defendant filed one or more proofs of claim in the above captioned Cases.

## GENERAL ALLEGATIONS

12.      The Debtors operated as a private flight operator for international business and luxury travel, operating a fleet of private luxury jet aircrafts which it owned and leased, employing professional pilots and crews to serve routes domestically across the United States and around the world to A-list celebrities and an ultra-wealthy clientele base.

13.      Zetta USA maintained its main office and hangar in Burbank, California.  Zetta PTE, which has its main office in Singapore, is the parent and sole shareholder of Zetta USA, and its management was located in Burbank, California.

14.      The Cases were commenced on or about September 15, 2017, (the "**Petition Date**"), when a voluntary petition was filed for relief under Chapter 11 of the Bankruptcy Code, Bankruptcy Case No. 2:17-bk-21386-SK for Zetta USA and Bankruptcy Case No. 2:17-bk-21387-SK for Zetta Jet PTE, which cases are currently pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California.

15.    On or about October 11, 2017, Plaintiff Jonathan King was appointed the Chapter 11 Trustee.  On December 4, 2017, this Court entered orders granting the Trustee's motions to convert the Debtors' Chapter 11 Cases to cases under Chapter 7 [Docket No. 452 for Zetta USA and Docket No. 52 for Zetta PTE].

16.    On December 5, 2017, the *Notice of Appointment of Trustee and Fixing of Bond* was filed, indicating that the U.S. Trustee appointed Plaintiff Jonathan King to serve as the Chapter 7 Interim Trustee [Docket No. 458 for Zetta USA and Docket No. 53 for Zetta PTE].  After the Section 341(a) meeting of creditors that was held on January 8, 2018, Jonathan King became the permanent Trustee.

17.    During the ninety (90) day period prior to the Petition Date, that is between June 17, 2017 and September 15, 2017 ("**Preference Period**"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

18.    During the course of their relationship, the Defendant entered into agreements with the Debtors, which are evidenced by invoices, communications and other documents (collectively, "**Agreements**") and/or conducted business with the Debtors.  The Defendant conducted business with the Debtors through and including the Petition Date.  The Debtors purchased goods and/or services from Defendant.

19.    Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest in the Debtors' property made by the Debtors to Defendant within the Preference Period.

20.    Section 101(54) of the Bankruptcy Code applicable to this case defines the term "transfer" as "(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property."

21.    Plaintiff is informed and believes, and based thereon alleges that Defendant is, and at all times herein mentioned provided air charter and concierge travel services, a party that conducted business with the Debtors.

22.    Plaintiff is informed and believes and thereon alleges that Debtors made transfer(s) to the Defendant totaling the amount set forth on **Exhibit "A"** attached hereto and incorporated herein by this reference (the "**Transfers**") during the Preference Period.

## FIRST CLAIM FOR RELIEF

### [To Avoid and Recover Preferential Transfers]

### [11 U.S.C. §§ 547 and 550]

23.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 22 inclusive, of this Complaint.

24.    Plaintiff is informed and believes, and based thereon alleges, that each of the Transfers constituted a transfer of property of the Debtors to the Defendant.  Plaintiff further is informed and believes, and based thereon alleges, that each Transfer constitutes a "transfer," within the meaning of Section 101(54) of the Code, made within ninety (90) days prior to the Petition Date.

25.    Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made to or for the benefit of the Defendant as a creditor of the Debtors.

26.    Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made for or on account of an antecedent debt owing by the Debtors to the Defendant before the Transfers were made.

27.    Plaintiff is informed and believes, and based thereon alleges, that the Debtors made the Transfers while the Debtors were insolvent.

28.    Plaintiff is informed and believes, and based thereon alleges, that the Transfers enabled the Defendant, as a creditor, to receive more than it would have received if the Transfers had not been made and Defendant was to receive payment on its claim only to the extent provided by Chapter 7 of the Bankruptcy Code.

29.    For the foregoing reasons, pursuant to Section 547(b) of the Bankruptcy Code, Plaintiff may avoid the Transfers.

30.     Furthermore, pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the value of the property transferred under the Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Transfers, in a sum according to proof, which Plaintiff believes not to be less than the amount of the Transfers set forth in Exhibit A hereto.

## SECOND CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfers]

### [11 U.S.C. §§ 548 and 550]

31.     Plaintiff pleads this Second Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 30 hereof with the same force and effect as if fully set forth herein at length.  Plaintiff brings the Second Claim for Relief in the event that Defendant asserts that one or more of the Transfers was not made on account of antecedent debt.

32.     The Transfers constitute transfers of an interest of the Debtors in property.

33.     The Transfers were made within two years of the Petition Date.

34.     The Debtors received less than reasonably equivalent value in exchange for the Transfers.

35.     The Debtors: (i) were insolvent on the date that the Transfers were made, or became insolvent as a result of such Transfers; (ii) were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with each one of the Debtors was an unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

36.     The Transfers were made with the actual intent to hinder, delay, or defraud creditors.

37.     As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the Transfers pursuant to Section 548 of the Bankruptcy Code.

38.     Further, pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the value of the property transferred under the Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Transfers, in a sum according to proof, which Plaintiff believes not to be less than the amount of the Transfers set forth in Exhibit A hereto.

### THIRD CLAIM FOR RELIEF

### [Claim Disallowance]

### [11 U.S.C. § 502]

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 hereof with the same force and effect as if fully set forth herein at length.

40.     Defendant is a transferee of transfers avoidable under either Section 547 or Section 548 of the Bankruptcy Code and an entity from whom property is recoverable under Section 550 of the Code.

41.     Defendant has not paid the amount of the Transfers for which Defendant is liable under Section 550 of the Bankruptcy Code.

42.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant against the Plaintiff and/or Debtors' estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

43.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against the Plaintiff and/or Debtors' estates previously allowed by the Debtors or the Plaintiff, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

### RESERVATION OF RIGHTS

40.     Plaintiff herein specifically reserves all rights and remedies with respect to the Defendant including but not limited to the right with respect to transfers made by Zetta Jet PTE to pursue claims and causes of action available to Plaintiff in the High Court of the Republic of Singapore as a Singapore liquidator including the ability to pursue preference payments made by Zetta Jet PTE to Defendant within the six months prior to September 15, 2017.  Nothing herein is a waiver of any such rights and remedies in the High Court of the Republic of Singapore by the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1.    For a judgment that the Transfers are avoidable as preferential transfers under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than the amount of the Transfers set forth in Exhibit A hereto, the exact amount to be proven at trial, plus interest at the legal rate from the date of the Transfers;

2.    For a judgment that the Transfers are avoidable under 11 U.S.C. § 548 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than the amount of the Transfers set forth in Exhibit A hereto, the exact amount to be proven at trial, plus interest at the legal rate from the date of the Transfers;

3.    Disallowing Defendant's Claims against the Debtor;

4.    For costs of suit incurred herein; and

5.    For such other relief as the Court deems just and proper.


DATED:  September 4, 2019                    BRUTZKUS GUBNER
                                            By:  /s/ Robyn B. Sokol
                                               Robyn B. Sokol
                                               Special Litigation Counsel
                                               for Jonathan D. King, Chapter 7 Trustee
                                               for Zetta Jet USA, Inc. and Zetta Jet PTE,
                                               LTD.

| Defendant: | **JTW Jets LLC** |
| Bankruptcy Case | **Zetta Jet USA, Inc., et al.** |
| Preference Period: | **6/17/17 to 9/15/17** |

## Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecendent Debt | Check Amount | Clear Date |
|---|---|---|---|
| Zetta Jet USA Inc. | Zetta Jet USA Inc. | $85,000.00 | 7/14/17 |

**Totals:**     **1 transfer(s),  $85,000.00**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ROBYN B. SOKOL – Bar No. 159506<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email: rsokol@bg.law<br><br>*Special Litigation Counsel for* Jonathan D. King, Chapter 7 Trustee for Zetta Jet USA, Inc. and Zetta Jet PTE, LTD. | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>ZETTA JET USA, INC., a California corporation,<br><br>Jointly Administered with<br>ZETTA JET PTE, LTD., a Singaporean corporation,<br>Case No. 2:17-bk-21387-SK<br><br><div align="right">Debtor(s)</div> | CASE NO.: 2:17-bk-21386-SK<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta jet PTE, Ltd.,<br><br><div align="right">Plaintiff(s)</div><br>Versus<br><br>JTW Jets LLC<br><br><div align="right">Defendant(s)</div> | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **described below**. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** Described below
**Time:** Described below
**Courtroom:** 1575

**Address:**
☒ 255 East Temple Street, Los Angeles, CA 90012
☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


**KATHLEEN J. CAMPBELL
CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


By:_____
      Deputy Clerk


A Status Conference date and time shall be set in accordance with paragraph 5 of the *Order Granting Motion of Chapter 7 Trustee For Zetta Jet USA, Inc. and Zetta jet PTE, LTD. Establishing Procedures Governing Adversary Proceedings Pursuant to Sections 547, 548 and 550 of the Bankruptcy Code* [Docket No. 967], a copy of which is being served with this Summons and the Complaint.  Plaintiff shall provide the notice of Status Conference to the Defendant at the appropriate time.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 2                              **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)_____ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.